(7 P.3d 1269)

No. 83,663

In the Matter of the Marriage of Lisa R. Abplanalp, *Appellant*, and TERRY L. ABPLANALP, *Appellee*.

—

Opinion filed July 28, 2000.

*Gordon B. Stull*, of Stull & Rein, of Pratt, for the appellant.

No appearance by the appellee.

Before KNUDSON, P.J., GREEN, J., and BUCHELE, S.J.

BUCHELE, S.J.: This appeal arises out of a district court decision denying a motion to transfer a Kansas child support order to the home state of the child support obligee. This issue involves subject matter jurisdiction, which is a question of law over which we have unlimited review. *State v. Patterson*, 25 Kan. App. 245, 247, 963 P.2d 436, *rev. denied*, 265 Kan. 888 (1998).

Lisa and Terry L. Abplanalp were divorced in 1996 in Pratt County, Kansas. Lisa was given primary residential custody of their children, and the final journal entry included an order for Terry to pay child support. With Terry's consent, Lisa and the children moved to Nebraska in December 1995 and have resided there since that time. In November 1998, Terry moved to Oklahoma and has resided there since that time. Terry has paid all of the child support ordered by the court.

In April 1999, Terry filed a motion in the Pratt District Court to modify his child support obligation to reflect a decrease in his pay. Prior to the hearing, Lisa filed a motion to continue the hearing and also moved the Kansas court for an order to register the child support order with the district court of Kimball County, Nebraska, pursuant to the Uniform Interstate Family Support Act (UIFSA), K.S.A. 23-9,101 *et seq.* After a hearing, the Kansas court denied Lisa's motions and granted Terry's motion to decrease the child support amount. A timely appeal was filed.

This case calls for an interpretation of certain provisions of UIFSA. Specifically, does Kansas as the issuing state have continuing exclusive jurisdiction to modify the child support provision of its divorce decree once both parents and all their minor children have left the state? We conclude it does not, without written consent of all parties.

K.S.A. 1999 Supp. 23-9,205(a)(1) and (2) provide:

"A tribunal of this state issuing a support order consistent with the law of this state has continuing, exclusive jurisdiction over a child support order:
(1) *As long as this state remains the residence of the obligor, the individual obligee or the child for whose benefit the support order is issued;* or
(2) until all of the parties who are individuals have filed written consents with the tribunal of this state for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction." (Emphasis added.)

Since written consents have not been filed by all parties to hear the motion for modification in Kansas, the Kansas court no longer maintains continuing, exclusive jurisdiction. "The term 'continuing, exclusive jurisdiction' is used in [UIFSA] to indicate that only one tribunal has jurisdiction to modify a child support order at a time." *Linn v. Child Support Enforcement,* 736 A.2d 954, 959 (Del. Supr.

1999) (citing *Gentzel v. Williams*, 25 Kan. App. 2d 552, 965 P.2d 855 [1998]).

In *Gentzel*, this court held that once the issuing state has lost continuing, exclusive jurisdiction, the obligee may seek modification of the child support order in the obligor's state of residence or the obligor may seek a modification in the obligee's state of residence. 25 Kan. App. at 588; K.S.A. 1999 Supp. 23-9,611(a)(1).

The purpose of UIFSA is to prevent a party from obtaining a local advantage by requiring that the moving party must be a non-resident of the state where the motion is filed. Also, the state where the action is brought must have personal jurisdiction over the non-moving party. Once Kansas has lost continuing, exclusive jurisdiction and a motion to modify child support is filed, upon proper motion, the order for child support should be forwarded to an appropriate tribunal, *e.g.* to a state: (1) where the movant is a non-resident and (2) that has jurisdiction over the nonmoving party. K.S.A. 1999 Supp. 23-9,301(c). If the parties and child no longer reside in Kansas, except for modification by agreement, the party petitioning to modify an existing child support order must submit himself or herself to the jurisdiction of the state where the non-moving party resides. See Sampson, *Uniform Interstate Family Support Act* (1996) with More Unofficial Annotations, 32 Fam. L. Q. 390, 406 (1998).

Under the facts of this case, Lisa filed a petition to have the Kansas child support order transferred to Nebraska in compliance with K.S.A. 1999 Supp. 23-9,301(c). At that point, the Kansas court is required to forward three copies of the petition to the responding tribunal, the Nebraska court, under K.S.A. 1999 Supp. 23-9,304(a)(1). The Kansas court did not comply with the statute but denied the motion to register the order in the Nebraska court and granted Terry's motion to decrease child support.

The purpose of UIFSA is to establish "a one-order system whereby all states adopting UIFSA are required to recognize and enforce the same obligation consistently." 25 Kan. App. 2d at 556. It would be contrary to the policy of UIFSA to allow the Kansas court in this case to deny Lisa's petition to register the support order in the Nebraska court when the Kansas court no longer has

continuing, exclusive jurisdiction. K.S.A. 1999 Supp. 23-9,301(c) provides that Lisa could also have filed a petition to register the support order in the Nebraska court. If the Nebraska court concludes it has jurisdiction over the order and the Kansas court refuses to forward the order, a new child support order might be issued. Controversy between the states and the parties would arise with multiple support orders, which is clearly contrary to the uniform policy of UIFSA.

The Kansas court erred in denying Lisa's motion to register the support order in the Nebraska court because it did not have the discretion to deny the motion. Further, the Kansas court lacked jurisdiction to modify the child support order.

Reversed and remanded.

KNUDSON, J., concurring: I agree with the decision authored by Judge Buchele but do not agree K.S.A. 1999 Supp. 23-9,205(a)(2) applies. The district court did not have continuing, exclusive jurisdiction under K.S.A. 1999 Supp. 23-9,205(a)(1)—Kansas was no longer the residence of the parties and their children.

I also wish to note error was invited when Lisa acquiesced as to the district court's consideration of Terry's motion. However, I do not believe consent confers subject matter jurisdiction. See *In re Marriage of Mosier*, 251 Kan. 490, 493, 836 P.2d 1158 (1992).