2001 OK CIV APP 18

**Suzanne L. ETTER, now Littleton, Plaintiff/Appellant,**

v.

**Brian A. ETTER, Defendant/Appellee.**

No. 94,214.

Court of Civil Appeals of Oklahoma, Division No. 2.

Jan. 16, 2001.

Derek B. Smith, White Law Firm, Oklahoma City, OK, for Appellant.

Don Cooke, Edmond, OK, for Appellee.

*OPINION*

TAYLOR, J.

¶ 1 Plaintiff, Suzanne Etter, now Littleton (Mother), appeals the trial court's orders overruling her motion to dismiss and modifying the amount of child support she receives from Defendant, Brian Etter (Father). Based on our review of the record, the parties' briefs, and the applicable law, we reverse and remand with instructions.

¶ 2 The facts are undisputed. The parties were divorced in 1995 in Oklahoma County. The trial court awarded custody of the parties' two minor children to Mother. Father was granted visitation and ordered to pay child support in accordance with the statutory guidelines. Subsequently, Mother and the two children moved to Illinois, where they have resided since 1996. Father moved to Missouri, where he has resided since 1997.

¶ 3 In 1999, Father filed a motion in Oklahoma County to modify child support. Father asserted his income had dropped due to a change in jobs. Mother filed a motion to dismiss, asserting the trial court lacked jurisdiction under the Uniform Interstate Family Support Act, which we discuss below. The trial court overruled Mother's motion, and thereafter issued a final order modifying child support. Mother appeals.

¶ 4 Jurisdictional matters, such as presented by Mother's motion to dismiss, are subject to a *de novo* standard of review on appeal. *See Garrison v. Bechtel Corp.,* 1995 OK 2, ¶ 8, 889 P.2d 273, 278. Similarly, a trial court's interpretation of state statutes presents an issue of law, which also receives non-deferential review on appeal. *See Salve Regina College v. Russell,* 499 U.S. 225, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991); *Holt v. State ex rel. Okla. Dep't of Transp.,* 1996 OK CIV APP 101, ¶ 11, 927 P.2d 57, 60.

¶ 5 Resolving this appeal requires an interpretation of a section of the Uniform Interstate Family Support Act (UIFSA), 43 O.S. Supp.2000 §§ 601–100 through 601–901, which the Oklahoma Legislature enacted in 1994. The purpose of UIFSA "is to eliminate multiple child support orders that were permitted under its predecessors [such as the Uniform Reciprocal Enforcement of Support Act]," with its goal being "to provide a system where only one child support order is in effect at any one time." *Linn v. Delaware Child Support Enforcement,* 736 A.2d 954, 961 (Del.1999). "Congress mandated that ... every state must adopt UIFSA, including any amendments, to provide unity and structure in each state's approach to the modification and enforcement of child support orders." *Youssefi v. Youssefi,* 328 N.J.Super. 12, 744 A.2d 662, 667 (2000).

¶ 6 The portion of UIFSA at issue here is 43 O.S. Supp.2000 § 601–205, *Continuing, exclusive jurisdiction,* which states:

A. A tribunal of this state issuing a support order consistent with the law of this state has continuing, exclusive jurisdiction over a child support order:

1. As long as this state remains the residence of the obligor, the individual

obligee, or the child for whose benefit the support order is issued; or

2. Until all of the parties who are individuals have filed written consents with the tribunal of this state for a tribunal of another state to modify the order and assume continuing exclusive jurisdiction.

Father asserts the statute's language must be read in the disjunctive, meaning the trial court issuing the support order would continue to have jurisdiction under either § 601–205(A)(1) or (2).

¶ 7 The difficulty in interpreting the statute is that the subsections are not written in a parallel manner. Subsection (1) mandates that jurisdiction remains with the court issuing the support order *as long as* at least one of the parties resides in Oklahoma. Subsection (2) mandates that jurisdiction remains *until* all the parties file written consents. In other words, subsection (1) applies as long as no action is taken (where at least one party remains in Oklahoma) while subsection (2) applies only if some action is taken (the parties file written consents). Father's argument is that the subsections must be read in the alternative, and, because the parties have not filed written consents, jurisdiction remains with the trial court.

¶ 8 However logical this analysis may seem, it leads to an illogical result. Under Father's analysis, Oklahoma would retain jurisdiction even if both parties left the state, as long as one party refused to allow a more convenient state tribunal to assume jurisdiction. Our research has shown that no court, when faced with similar facts and the same section of UIFSA, has adopted this reasoning and reached that result.

¶ 9 To the contrary, courts in several jurisdictions have concluded that, as Mother asserts, a court retains continuing exclusive jurisdiction only so long as one of the parties resides in that court's home state. For example, in *In re Marriage of Abplanalp*, 7 P.3d 1269 (Kan.Ct.App.2000), the parties were divorced in Kansas. The mother moved to Nebraska and the father moved to Oklahoma. The father then went back to Kansas and sought to reduce his child sup-

port obligation. The Kansas court framed the issue as follows:

[D]oes Kansas as the issuing state have continuing exclusive jurisdiction to modify the child support provision of its divorce decree once both parents and all their minor children have left the state? We conclude it does not, without written consent of all parties.

*Id.* at 1270.

¶ 10 A reason for this interpretation can be found in *Government of Virgin Islands ex rel. Simanca v. Proctor*, No. 53/1998, 1998 WL 453666 (D.V.I.1998). There, a Virgin Islands territorial court had issued a child support order requiring the father, a resident of the islands, to pay support to the mother, a New York resident. The father subsequently moved to Tennessee. The mother continued to reside in New York, and sought modification of the order in the Virgin Islands. The mother asserted, as Father does in the instant case, that the territorial court had continuing exclusive jurisdiction regardless of where the parties lived, because they had not filed the written consents required by subsection (2). The court rejected that argument as a misinterpretation of the statute, and noted:

Once a support order is issued in the Virgin Islands, Section 400 provides that the Territory must continue to assert exclusive jurisdiction over a child support order as long as one of the interested parties remains a resident of the Virgin Islands. [Citation omitted.] Subparagraph (a)(2) of this section is merely added so as to allow the parties a means to circumvent this mandatory jurisdictional law. Without subparagraph (a)(2), as long as one of the individuals of interest resided in the jurisdiction which issued the last support order, the parties would have no choice but to subject themselves to this tribunal, regardless of the unified wishes of all involved to allow a more convenient forum to determine the matter.

*Id.* at *5.

¶ 11 The Nebraska Supreme Court reached the same conclusion in *Groseth v. Groseth*, 257 Neb. 525, 600 N.W.2d 159 (1999). There, the court held that, where a

couple divorced in Massachusetts and then the parties and their children moved out of state, Massachusetts lost jurisdiction. And, in *Child Support Enforcement Division of Alaska v. Brenckle,* 424 Mass. 214, 675 N.E.2d 390, 392 (1997), the Massachusetts Supreme Judicial Court stated that "[u]nder UIFSA, once a court enters a support order, no other court may modify that order for as long as the obligee, obligor, or child for whose benefit the order is entered continues to reside within the jurisdiction of that court unless each party consents in writing to another jurisdiction."

¶ 12 Finally, we note that this section of UIFSA is recognized as one of its "most crucial provisions." *Youssefi,* 744 A.2d at 668 (citing Sampson, "Uniform Interstate Family Support Act," 27 Fam. L.Q. 93, 120–21 (1993)). As the court stated in *Youssefi:*

> [The Act] establishes the principle that, except in narrowly defined circumstances, the issuing tribunal retains continuing, exclusive jurisdiction over the child support order. However, "[i]f all parties and the child reside elsewhere, the issuing state loses its continuing, exclusive jurisdiction—which in practical terms means the issuing tribunal loses its authority to modify its order."

*Id.* We agree with this analysis and join those other jurisdictions that have so held.

¶ 13 Both parties rely on *Bailey v. Bailey,* 1994 OK 6, 867 P.2d 1267, where the supreme court held that 43 O.S.1991 § 104 did not divest Oklahoma trial courts of in personam jurisdiction to modify child support even when both parties had left the state. *Bailey,* however, was decided in January 1994, before the legislature adopted UIFSA; we therefore conclude that the statute has superseded the court's decision in *Bailey.* This conclusion also is in accord with the introductory comment to the Act which precedes 43 O.S.A. § 601–100 (West 2000).

¶ 14 For the reasons given, the trial court's decision is reversed and remanded with instructions to grant Mother's motion to dismiss. Jurisdiction no longer lies in Oklahoma.

¶ 15 REVERSED AND REMANDED WITH INSTRUCTIONS.

¶ 16 RAPP, P.J., and COLBERT, J., concur.