(56 P.3d 1286)
No. 87,830

In the Matter of the Marriage of TRINA A. MYERS, n/k/a TRINA A. BLEVINS, *Appellee,* and FRANKLIN D. MYERS, *Appellant.*

Opinion filed November 8, 2002.

*Jeffery A. Sutton,* of Barnett & Jamison Law Firm, Chtd., of Kansas City, for appellant.

*Robert L. Farmer,* of Nuss & Farmer, P.A., of Fort Scott, for appellee.

Before GREEN, P.J., MARQUARDT and BEIER, JJ.

BEIER, J.: Franklin Myers appeals the district court's denial of his motion to set aside a default judgment that modified his child support. He argues that the court lacked subject matter and personal jurisdiction.

Franklin and his former wife, Trina, were divorced in Bourbon County in Kansas. They were awarded joint custody of their minor daughter, with Trina as the primary custodial parent. Franklin was ordered to pay child support.

Trina later filed a motion in Bourbon County for modification of the child support. At the time the motion was filed, she and the daughter resided in Arkansas, and Franklin resided in Texas. The

motion and notice of hearing were sent to Franklin at 2240 Morris Road, Ste. 110-171, Flower Mound, Texas.

A later summons indicates the Morris Road address was incorrect. A Texas constable then made five unsuccessful attempts to serve Franklin at two other addresses. Finally, the constable mailed copies of the motion and hearing notice to these two addresses and tacked them to their front doors. The district court in Bourbon County also mailed hearing notices to these two addresses.

Franklin did not appear at the hearing, but the parties' daughter told the district judge that she was with her father when he received notice of the hearing. The district court found Franklin was served through the efforts in Texas and entered a default judgment increasing his child support obligation.

Franklin later filed a motion to set aside the order modifying child support, contending he did not reside at the addresses listed in the return of service and never received service of the motion or notice of the hearing. The district court, relying on the daughter's statement, found Franklin received actual notice of the time and place of the hearing.

The court further stated:

"Since it appears that neither party has filed any motions requesting that jurisdiction over the issues of child support be moved or transferred to another state pursuant to K.S.A. 23-9,205(a)(1) and (2), this court continues to have jurisdiction over the issue of child support obligations."

Franklin sought reconsideration, arguing his daughter could not have been present when he was served a copy of the motion to increase child support at the time alleged because her flight schedule proved she was visiting him at another time. He also continued to argue the district court lacked subject matter jurisdiction because none of the parties still resided in Kansas.

The district court refused to reverse itself on its finding of service. On the subject matter jurisdiction question, it elaborated:

"Respondent also insists that *Abplanalp* decision stands for the absolute proposition that this court is without jurisdiction to modify respondent's child support obligation because neither of the parties nor the child resided in Kansas at the time the motion to modify was made. The Court is aware that various writers have taken the same position. However, in *Abplanalp* there had been a request filed

by the child's mother to transfer the support matter to a court in Nebraska where she lived. So, consequently, in that case the trial court was found to have erred in not making the requested transfer. In this case, no one has requested a transfer to the court of an appropriate state. The *Abplanalp* court states as follows:

'Once Kansas has lost continuing, exclusive jurisdiction and a motion to modify child support is filed, upon proper motion, the order for child support should be forwarded to an appropriate tribunal . . . .'

"Is it up to this court to decide what the appropriate tribunal is? Should this court just dismiss the support motion out of hand, which appears to be the respondent's position herein, and leave the parties and the child in limbo with no court then having the child support matter before it? Neither of these options seems particularly appropriate. Therefore, until such time as an appropriate motion to transfer is filed, the Court will retain jurisdiction and respondent's motion in this regard is denied."

On this appeal, Franklin continues to challenge the district court's conclusion that it retained subject matter jurisdiction over the child support issue.

The existence of subject matter jurisdiction raises a question of law; thus our review is unlimited. *In re Marriage of Abplanalp*, 27 Kan. App. 2d 833, 7 P.3d 1269 (2000). Further, although a motion for relief from a final judgment pursuant to K.S.A. 60-260(b) ordinarily is entrusted to the sound discretion of the district court, when a default judgment is attacked as void, there is no question of discretion. The judgment either is valid or void as a matter of law. A void judgment is one rendered by a court lacking personal or subject matter jurisdiction or acting in a manner inconsistent with due process. *In re Marriage of Hampshire*, 261 Kan. 854, 862, 934 P.2d 58 (1997).

Franklin argues that the *Abplanalp* decision interpreted the Uniform Interstate Family Support Act (UIFSA), K.S.A. 23-9,101 *et seq.*, to mean Kansas no longer had subject matter jurisdiction to modify a support order when all of the parties have moved from the state. Trina argues *Abplanalp* stands for the proposition that "Kansas does not lose jurisdiction until such time as one of the parties has moved to transfer the case to a state in which said party believes jurisdiction will lie." Because neither of the parties petitioned to transfer this action, she contends, the Kansas district court retained jurisdiction.

In *Abplanalp*, the parties were divorced in Kansas, and the father was ordered to pay child support. Later, the mother and children moved to Nebraska, and the father moved to Oklahoma. The father filed a motion in Kansas to modify his child support obligation, and the mother filed a motion for the Kansas court to register the child support order in Nebraska pursuant to UIFSA. The Kansas district court denied the mother's motion and granted the father's motion to decrease the amount of child support. 27 Kan. App. 2d at 834.

On appeal, a panel of this court framed the issue and reasoned as follows:

"This case calls for an interpretation of certain provisions of UIFSA. Specifically, does Kansas as the issuing state have continuing exclusive jurisdiction to modify the child support provision of its divorce decree once both parents and all their minor children have left the state? We conclude it does not, without written consent of all parties.

"K.S.A. 1999 Supp. 23-9,205(a)(1) and (2) provide:

'A tribunal of this state issuing a support order consistent with the law of this state has continuing, exclusive jurisdiction over a child support order:

(1) *As long as this state remains the residence of the obligor, the individual obligee or the child for whose benefit the support order is issued*; or

(2) until all of the parties who are individuals have filed written consents with the tribunal of this state for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction.

"Since written consents have not been filed by all parties to hear the motion for modification in Kansas, the Kansas court no longer maintains continuing, exclusive jurisdiction. 'The term "continuing, exclusive jurisdiction" is used in [UIFSA] to indicate that only one tribunal has jurisdiction to modify a child support order at a time.' *Linn v. Child Support Enforcement*, 736 A.2d 954, 959 (Del. Super. 1999) (citing *Gentzel v. Williams*, 25 Kan. App. 2d 552, 965 P.2d 855 [1998]).

"In *Gentzel*, this court held that once the issuing state has lost continuing, exclusive jurisdiction, the obligee may seek modification of the child support order in the obligor's state of residence or the obligor may seek a modification in the obligee's state of residence. 25 Kan. App. 2d at 558; K.S.A. 1999 Supp. 23-9,611(a)(1).

"The purpose of UIFSA is to prevent a party from obtaining a local advantage by requiring that the moving party must be a nonresident of the state where the motion is filed. Also, the state where the action is brought must have personal jurisdiction over the nonmoving party. Once Kansas has lost continuing, exclusive jurisdiction and a motion to modify child support is filed, upon proper motion, the order for child support should be forwarded to an appropriate tribunal, *e.g.*,

to a state: (1) where the movant is a nonresident and (2) that has jurisdiction over the nonmoving party. K.S.A. 1999 Supp. 23-9,301(c). If the parties and child no longer reside in Kansas, except for modification by agreement, the party petitioning to modify an existing child support order must submit himself or herself to the jurisdiction of the state where the nonmoving party resides." (Emphasis added.) 27 Kan. App. 2d at 834-35.

The panel concluded that the Kansas district court erred by denying the mother's petition to register the support order in Nebraska pursuant to K.S.A. 1999 Supp. 23-9,301(c) and by finding it had jurisdiction to modify the child support order. Judge Knudson filed a concurrence, stating in part:

"I agree with the decision authored by Judge Buchele but do not agree K.S.A. 1999 Supp. 23-9,205(a)(2) applies. The district court did not have continuing, exclusive jurisdiction under K.S.A. 1999 Supp. 23-9,205(a)(1)—Kansas was no longer the residence of the parties and their children." 27 Kan. App. 2d at 836.

This case moves us to resolve two issues: The first is whether Kansas lost continuing, exclusive jurisdiction under K.S.A. 2001 Supp. 23-9,205(a)(1) when all of the parties moved out of state and whether the use of the term "or" between subsections (a)(1) and (a)(2) requires a Kansas court to go on to consider (a)(2) after it determines that (a)(1) precludes jurisdiction. The second issue is whether the Kansas district court is free to exercise jurisdiction in the absence of a petition to transfer the case under K.S.A. 2001 Supp. 23-9,301(c), even though it lacks continuing, exclusive jurisdiction under K.S.A. 2001 Supp. 23-9,205(a)(1).

Regarding the first issue, subsection (a) of the statute states clearly that Kansas lost continuing and exclusive jurisdiction when the parties and their child established homes elsewhere. Having gotten to that point, two members of the *Abplanalp* panel felt compelled to engage in further analysis under (a)(2). This was the source of Judge Knudson's criticism, and we agree with it.

The majority of the *Abplanalp* panel appears to have misapplied subsection (a)(2), which provides that Kansas has continuing, exclusive jurisdiction "until all of the parties who are individuals have filed written consents with the tribunal of *this state* for a tribunal of *another state* to modify the order and assume continuing, exclusive jurisdiction." (Emphasis added.) K.S.A. 2001 Supp. 23-

9,205(a)(2). The majority evidently interpreted this passage to mean that parties who had moved from the state could file written consents with the Kansas district court for a modification motion to be heard in Kansas. But this procedure would contravene the specific language of the statute, which allows the parties to file written consents for consideration only by a tribunal of *another* state. Subsection (a)(2) does not give the parties the authority to re-bestow subject matter jurisdiction on the Kansas court by agreement, once it has lost continuing and exclusive jurisdiction under subsection (a)(1).

*Gentzel v. Williams,* 25 Kan. App. 2d 552, 965 P.2d 855 (1998), reinforces our view. In that case, the parties were divorced and a child support order was entered in Arizona. The mother and children later moved to Texas, and the father moved to Kansas. The Kansas Department of Social and Rehabilitation Services (SRS) sought an income withholding order against the father in Kansas district court, and the father moved to modify his obligation to comport with Kansas child support guidelines. The district court found that it had continuing, exclusive jurisdiction under UIFSA and entered an order modifying the support order originally issued in Arizona.

On appeal, the panel concluded the Kansas court lacked jurisdiction to modify the child support order. Although the case was controlled by K.S.A. 2001 Supp. 23-9,611, which deals with foreign orders, it noted K.S.A. 23-9,205, and agreed Arizona had lost continuing, exclusive jurisdiction when both adult parties and the children left the state. In order for another state such as Kansas to exercise jurisdiction, written consents would be required. In the absence of such consents, the husband's only alternative would be to pursue the matter in Texas, where his ex-spouse had moved.

Several other jurisdictions have followed the same reasoning.

The Oklahoma Court of Civil Appeals recently decided *Etter v. Etter,* 18 P.3d 1088 (Okla. App. 2001). In that case, the parties were divorced in Oklahoma, and the district court ordered the father to pay child support. The father later filed a motion in Oklahoma to modify child support, even though he had moved to Missouri and the mother and children had moved to Illinois. The

mother's motion to dismiss for lack of jurisdiction under UIFSA was denied, and the district court modified the child support order.

The Oklahoma Court of Civil Appeals analyzed Oklahoma's equivalent of K.S.A. 2001 Supp. 23-9,205(a)(1) and (2):

"The portion of UIFSA at issue here is 43 O.S. Supp.2000 § 601-205, *Continuing, exclusive jurisdiction* . . .

. . . .

". . . Father asserts the statute's language must be read in the disjunctive, meaning the trial court issuing the support order would continue to have jurisdiction under either § 601-205(A)(1) or (2).

"The difficulty in interpreting the statute is that the subsections are not written in a parallel manner. Subsection (1) mandates that jurisdiction remains with the court issuing the support order *as long as* at least one of the parties resides in Oklahoma. Subsection (2) mandates that jurisdiction remains *until* all the parties file written consents. In other words, subsection (1) applies as long as no action is taken (where at least one party remains in Oklahoma) while subsection (2) applies only if some action is taken (the parties file written consents). Father's argument is that the subsections must be read in the alternative, and, because the parties have not filed written consents, jurisdiction remains with the trial court.

"However logical this analysis may seem, it leads to an illogical result. Under Father's analysis, Oklahoma would retain jurisdiction even if both parties left the state, as long as one party refused to allow a more convenient state tribunal to assume jurisdiction. Our research has shown that no court, when faced with similar facts and the same section of UIFSA, has adopted this reasoning and reached that result." 18 P.3d at 1089-90.

Louisiana, Oregon, and Texas have recently agreed. See *Jurado v. Brashear*, 782 So. 2d 575, 580 (La. 2001) (Louisiana court lost continuing, exclusive jurisdiction to modify child support order after parties and children left state); *Cohen v. Powers*, 180 Or. App. 409, 416, 43 P.3d 1150 (2002) (Alabama court no longer had continuing, exclusive jurisdiction over support order under UIFSA because neither party resided in Alabama); *In re B.O.G.*, 48 S.W.3d 312, 318, *rev. denied* (Tex. Civ. App. 2001) (Texas court no longer had jurisdiction to modify the support order under UIFSA because parties no longer resided in Texas); see also Muskin, *Uniform Interstate Family Support Act*, 35 Md. B.J. 54 (Jan./Feb. 2002) ("A state has CEJ [continuing, exclusive jurisdiction] if it issued a child support order and either one of the parties or a child still resides' in the state. The state loses CEJ when all of the individuals leave

the state."); Atkinson, *Long-Arm Collection Through the Uniform Interstate Family Support Act*, 23 Fam. Advoc. 46, 48 (Fall 2000) ("The issuing state loses subject-matter jurisdiction to modify a child support order when all case participants permanently relocate outside the state.").

This brings us to the second issue: Whether the Kansas district court is free to exercise jurisdiction in the absence of a petition to transfer the case under K.S.A. 2001 Supp. 23-9,301(c), even though it lacks continuing, exclusive jurisdiction under K.S.A. 2001 Supp. 23-9,205(a)(1). The district court initially quoted *Abplanalp*—"[o]nce Kansas has lost continuing, exclusive jurisdiction and a motion to modify child support is filed, upon proper motion, the order for child support should be forwarded to an appropriate tribunal"—and appeared to appreciate it should not entertain the motion. It then contradicted itself, however, finding it would retain jurisdiction and modify the child support order because the parties would otherwise be "in limbo."

The parties would not have been "in limbo" if the district court had dismissed the case for lack of jurisdiction. As the Louisiana Supreme Court recently said:

"Significantly, there is no limbo situation, as feared by the court of appeal, when both parents and the child move out of the issuing state. The court of the issuing state retains jurisdiction to *enforce* its order, but not to *modify* the order. If either party desires modification, the burden is on that party to take appropriate action in the appropriate state. When the obligor wishes to reduce his or her obligation, the reduction must be sought in the obligee's state of residence; when the obligee wishes an increase in support, that increase must be sought in the obligor's state of residence." *Jurado*, 782 So. 2d at 580.

This is the law in Kansas as well. The *Gentzel* panel observed that the father could file a motion to modify the Arizona order in the mother's new state of residence under K.S.A. 2001 Supp. 23-9,611(a)(1). Similarly, with regard to child support orders originating in Kansas, K.S.A. 2001 Supp. 23-9,301(c) provides:

"An individual petitioner or a support enforcement agency may commence a proceeding authorized under this act by filing a petition in an initiating tribunal for forwarding to a responding tribunal or by filing a petition or a comparable pleading directly in a tribunal of another state which has or can obtain personal jurisdiction over the respondent."

Thus Trina has the option of asking the originating Kansas tribunal to forward her motion to modify to Texas, or she can file the motion to modify in Texas herself. The Texas court can obtain problem-free personal jurisdiction over Franklin. Trina's failure thus far to pursue one of these available courses of action did not resurrect subject matter jurisdiction in the Kansas district court. "The district courts of Kansas are expressly created by the Kansas Constitution and are given only such jurisdiction as may be provided by the legislature." *In re Care & Treatment of Blackmore,* 30 Kan. App. 2d 90, 95, 39 P.3d 89 (2002).

The district court erred by denying Franklin's motion to set aside default judgment for lack of subject matter jurisdiction. The order modifying child support is void and must be vacated. Because Franklin's subject matter jurisdiction argument is dispositive, we do not address his further argument regarding lack of personal jurisdiction.

Reversed and remanded with instructions to set aside the default judgment, vacate the order modifying child support, and pursue further proceedings consistent with this opinion.