(69 P.3d 1128)
No. 89,618

In the Matter of the Marriage of JOHN S. METZ, *Appellant,* and GEORGIA C. (METZ) CAVIN, *Appellee.*

Opinion filed June 6, 2003.

*John S. Metz,* appellant pro se.

*Lisa A. Long-Horton,* deputy court trustee, for appellee.

Before GREEN, P.J., ELLIOTT and PIERRON, JJ.

GREEN, J.: John Metz appeals the trial court's judgment determining that it no longer had jurisdiction to modify its child support order under the Uniform Interstate Family Support Act (UIFSA), K.S.A. 23-9,101 *et seq.* We affirm and remand with directions.

John Metz and Georgia C. (Metz) Cavin were divorced in 1998 in Sedgwick County, Kansas. After Georgia was awarded residen-

tial custody of their two minor children, John was ordered to pay monthly child support. John was later served with the court trustee's accusation in contempt alleging he had failed to pay child support. In 2002, John paid the arrearage for child support payments and moved to modify the child support order. His pleadings indicated that he resided in Oklahoma, and Georgia and both children resided in Virginia.

The order on the hearing officer's decision for John's motion is not in the record. The trial court clerk's notes state that the hearing officer overruled John's motion to modify his child support because "UIFSA applies." John appealed to the trial court.

The trial court found that it had jurisdiction over John's motion to modify child support, reversed the hearing officer's decision, and remanded the case to the hearing officer. The trustee's office filed a motion requesting reconsideration. John then filed a motion to have half of his child support payments sent to a third person in Virginia with whom his son resided. This motion was scheduled for a hearing with the hearing officer.

On the motion for reconsideration, the trial court found that because John had resided in Oklahoma and that Georgia and both children had resided in Virginia before John moved to modify the support order, Kansas courts could enforce the child support order but not modify it. As a result, the trial court granted the trustee's motion, affirmed the hearing officer's decision, and denied John's motion to modify the child support order.

Regarding John's motion to send half of the child support to a third party, the hearing officer's order stated: "W/D N/A." This apparently meant that the motion was withdrawn from the docket because there were no appearances. The district court clerk's appearance docket does not show that John ever appealed the hearing officer's decision to the district court.

John maintains that the trial court had continuing, exclusive jurisdiction under UIFSA on both of his motions. Nevertheless, he ignores the facts that his motion to forward half of the child support to a third party was dismissed by the hearing officer because he did not appear, and he failed to appeal that dismissal to the trial

court. Even if John had proceeded correctly, the analysis on both motions for jurisdiction under UIFSA would be the same.

Subject matter jurisdiction is the authority of the court to hear and decide a particular action. Personal jurisdiction is the authority of a court over a party's person, which is a requirement for a personal or in personam judgment. *Gentzel v. Williams*, 25 Kan. App. 2d 552, 559-60, 965 P.2d 855 (1998). Whether the trial court has the authority under UIFSA to modify its child support order involves subject matter jurisdiction, which is a question of law over which this court has unlimited review. *In re Marriage of Abplanalp*, 27 Kan. App. 2d 833, 7 P.3d 1269 (2000).

Effective July 1, 1995, Kansas repealed the Uniform Reciprocal Enforcement of Support Act of 1970 (URESA) and enacted UIFSA to further national uniformity in enforcing child support orders. *Gentzel*, 25 Kan. App. 2d at 555. The "major difference between URESA and UIFSA is the concept of 'continuing, exclusive jurisdiction.' " 25 Kan. App. 2d at 557. Continuing, exclusive jurisdiction limits the situations when a court can modify a support order by establishing a system whereby only one controlling support order is in effect at any one time. This concept accomplishes the goal of UISFA to eliminate multiple and inconsistent support orders. 25 Kan. App. 2d at 556-57.

John contends that the trial court had continuing, exclusive jurisdiction because neither party had filed a written consent that another state court could modify the child support order or registered the Kansas support order with another state for modification.

A Kansas court issuing a support order consistent with Kansas law retains continuing, exclusive jurisdiction for the child support order

"(1) [a]s long as this state remains the residence of the obligor, the individual obligee or the child for whose benefit the support order is issued; or

"(2) until all of the parties who are individuals have filed written consents with the tribunal of this state for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction." K.S.A. 2002 Supp. 23-9,205(a).

Three cases have dealt with subject matter jurisdiction under UIFSA to modify a child support order: *Gentzel, Abplanalp*, and

*In re Marriage of Myers*, 30 Kan. App. 2d 1223, 56 P.3d 1286 (2002).

In *Gentzel*, the parties were divorced in Arizona, the mother was granted custody of the minor children, and the father was ordered to pay child support. The husband later moved to Kansas and the mother and children moved to Texas. The mother filed for an income withholding order in Kansas. The father then moved to modify the child support, which the trial court granted.

On appeal, the *Gentzel* court found that the trial court had correctly concluded that Arizona had lost continuing, exclusive jurisdiction when the parties and children left Arizona. However, the *Gentzel* court stated that the lack of jurisdiction in Arizona did not mean Kansas had jurisdiction to modify the child support order. It concluded Kansas lacked jurisdiction because the father had failed to meet all of the elements for modifying foreign child support orders under K.S.A. 23-9,611, that is, he was not a nonresident petitioner of this state seeking modification. The court held that the father should seek modification in Texas, where a court would have jurisdiction under UIFSA.

In *Abplanalp*, the parties were divorced in Kansas; the mother was granted custody of the children and the father was ordered to pay child support. Later, the mother and children moved to Nebraska and the husband moved to Oklahoma. The husband moved to modify his child support order in Kansas; the mother moved for an order to register the child support order in Nebraska under UIFSA. The trial court granted the father's motion and denied the mother's motion.

The *Abplanalp* court found that the controlling statute was K.S.A. 2002 Supp. 23-9,205(a). The court's majority concluded that Kansas did not have continuing, exclusive jurisdiction to modify the child support order after the parties and the children had left Kansas without having written consent of all of the parties. The court held that the trial court erred by denying the mother's request to register the support order in Nebraska under K.S.A. 2002 Supp. 23-9,301 and by finding it had jurisdiction to modify the child support order. Although Judge Knudson agreed with the decision in a concurring opinion, he did not agree that K.S.A. 2002

Supp. 23-9,205(a)(2) applied. Rather, Judge Knudson maintained that the Kansas trial court did not have jurisdiction under K.S.A. 2002 Supp. 23-9,205(a)(1).

In *Myers*, the couple was divorced in Kansas, the mother was awarded custody of their daughter, and the father was ordered to pay child support. Subsequently, the mother and daughter moved to Arkansas and the father to Texas. The mother then moved to modify the child support order in Kansas. The trial court, relying upon the majority opinion in *Abplanalp*, held it had jurisdiction to modify the child support because no one had transferred the order to another state or consented to such a transfer. Otherwise, the trial court stated, the parties were left in limbo.

The *Myers* court found that Kansas had lost continuing, exclusive jurisdiction under K.S.A. 2002 Supp. 23-9,205(a)(1) because the parties and the child no longer resided in Kansas. It disagreed with the majority in *Abplanalp* that the next step was to apply subsection (a)(2). The *Myers* court believed that the *Abplanalp* majority misinterpreted subsection (a)(2) to mean that parties who had moved from Kansas could consent to jurisdiction of the Kansas trial court for modifying the order. The *Myers* court believed that its interpretation of K.S.A. 2002 Supp. 23-9,205(a), that jurisdiction was lost when all parties and children left the state, was consistent with *Gentzel* and Judge Knudson's concurring opinion in *Abplanalp.*

The *Myers* court also rejected the argument that the Kansas trial court could exercise jurisdiction if no petition had been filed to transfer the order to another state. It found that although the Kansas trial court had jurisdiction to enforce its order, it did not have jurisdiction to modify it. If the mother wanted to modify the order, she could request the Kansas trial court to forward her motion to Texas where the husband resided or she could file a motion to modify in Texas. It held that the trial court erred by denying the father's motion and granting the mother's motion.

The *Myers* court's interpretation of the UIFSA provision for continuing, exclusive jurisdiction is the majority viewpoint. See *Jurado v. Brashear*, 782 So. 2d 575, 580 (La. 2001).

John maintains that *Gentzel* does not apply because Kansas was not the issuing state and, thus, never had continuing, exclusive jurisdiction. He also contends that *Abplanalp* does not apply because the mother requested the Kansas child support order to be registered in Nebraska.

Those factual distinctions, however, are immaterial to the results. The Comment to UIFSA Section 205(a), which in Kansas was enacted as K.S.A. 2002 Supp. 23-9,205(a), states:

"This section is perhaps the most crucial provision in UIFSA. Drawing on the precedent of the federal Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A, the issuing tribunal retains continuing, exclusive jurisdiction over a child support order, except in very narrowly defined circumstances. As long as one of the individual parties or the child continues to reside in the issuing state, and as long as the parties do not agree to the contrary, the issuing tribunal has continuing, exclusive jurisdiction over its order—which in practical terms means that it may modify its order. The statute attempts to be even-handed—the identity of the remaining party—obligor or obligee—does not matter. If the individual parties have left the issuing state but the child remains behind, continuing, exclusive jurisdiction remains with the issuing state.

. . . .

"The other side of the coin follows logically. Just as Subsection (a)(1) defines the retention of continuing, exclusive jurisdiction, by clear implication [Subsection (a)(2)] defines how jurisdiction to modify may be lost. That is, if all the relevant persons—the obligor, the individual obligee, and the child—have permanently left the issuing state, the issuing state no longer has an appropriate nexus with the parties or child to justify exercise of jurisdiction to modify. . . . Note, however, that the original order of the issuing tribunal remains valid and enforceable. That order is in effect not only in the issuing state and those states in which the order has been registered, but also may be registered and enforced in additional states even after the issuing state has lost its power to modify its order, see Sections 601-604 (Registration and Enforcement of Support Order), *infra*. The original order remains in effect until it is properly modified in accordance with the narrow terms of Sections 609-612 (Registration and Modification of Child Support Order), *infra*.

"According to the logical implication of Subsection (a)(2), the issuing state may also lose its continuing, exclusive jurisdiction to modify if the parties consent in writing for another state to assume jurisdiction to modify (even though one of the parties or the child continues to reside in the issuing state). The only statutory requirement for the parties to divest the issuing tribunal of its continuing, exclusive jurisdiction is the filing of a written agreement to that effect with that tribunal." Interstate Family Support Act, 9 U.L.A 285-86 (1999).

This comment shows, contrary to John's argument, that subsection (a)(1) provides for the retention of continuing, exclusive jurisdiction while subsection (a)(2) provides for the loss of continuing, exclusive jurisdiction. The UIFSA sections mentioned in the Comment as applicable for modifying a child support order (609-612) are found in K.S.A. 2002 Supp. 23-9,609; K.S.A. 2002 Supp. 23-9,610; K.S.A. 2002 Supp. 23-9,611; and K.S.A. 23-9,612. These statutes apply when a party is registering a child support order from another state with a Kansas court for modification.

Based upon the UIFSA Comment and provisions for modifying a child support order, Section 205(a)(2) (23-9-205[a][2])only applies when at least one of the parties or the child remains in the state and the parties consent to have another state assume continuing, exclusive jurisdiction, thereby divesting the issuing state of its continuing, exclusive jurisdiction. See *Linn v. Child Support Enforcement*, 736 A.2d 954, 960 (Del. Super. 1999).

John also argues that the trial court has subject matter jurisdiction because it can determine the parties' income by utilizing (a) the UIFSA provisions under K.S.A. 23-9,316 and K.S.A. 23-9,318 to obtain the necessary information, or (b) the Kansas Child Support Guidelines (KSCG) to impute income.

Nevertheless, John fails to realize that the trial court must have subject matter jurisdiction before it can employ these statutes or the KSCG. "If *a party subject to the continuing, exclusive jurisdiction of the tribunal* no longer resides in the issuing state, in subsequent proceedings the tribunal may apply K.S.A. 23-9,316 and . . . K.S.A. 23-9,318 . . . to obtain discovery through a tribunal of another state." (Emphasis added.) K.S.A. 2002 Supp. 23-9,206(b).

Although the trial court no longer had subject matter jurisdiction, our review is not concluded. When a Kansas district court no longer has subject matter jurisdiction to modify its child support order, it shall forward the pleading and accompanying documents to the appropriate court in another state and notify the petitioner by personal service or registered mail when the pleading was sent. K.S.A. 2002 Supp, 23-9,306.

In conclusion, after John, Georgia, and their children moved from Kansas, the trial court, as the issuing court, maintained subject matter jurisdiction to enforce its child support order, but lost subject matter jurisdiction to modify the child support order. Although the trial court was correct in concluding it lacked subject matter jurisdiction to consider John's motion to modify the child support order, it should have forwarded his motion and any other necessary pleadings to Virginia.

Affirmed and remanded with directions to forward the appropriate documents to Virginia.