853 P.2d 1133

**Harvey BIGELSEN, M.D.,
Plaintiff–Appellee,**

v.

**ARIZONA STATE BOARD OF MEDI-
CAL EXAMINERS, an Agency of the
State of Arizona, Defendant–Appellant.**

**No. 1 CA–CV 91–0201.**

Court of Appeals of Arizona,
Division 1, Department D.

May 27, 1993.

Grant Woods, Atty. Gen. by Michael N. Harrison, Paula S. Bickett, Asst. Attys. Gen., Phoenix, for defendant-appellant.

Jones, Skelton & Hochuli by A. Melvin McDonald, Phoenix, for plaintiff-appellee.

## OPINION

TOCI, Presiding Judge.

This appeal requires us to clarify the application of the statutory scheme for discipline of physicians who are licensed by both the Arizona Board of Medical Examiners ("BOMEX") and the Arizona Board of Homeopathic Examiners ("Homeopathic Board"). Specifically, we must decide whether Ariz.Rev.Stat.Ann. ("A.R.S.") sections 32–1407 and 32–2907 bar BOMEX from investigating and taking disciplinary action against Harvey Bigelsen, M.D., a dual-licensed physician, when the Homeopathic Board has already investigated and dismissed the same complaints.

We hold that because the trial court found that both boards agreed that the Homeopathic Board would investigate the two complaints, BOMEX may take disciplinary action against Dr. Bigelsen, but it must base such action solely on a review of the Homeopathic Board's investigative materials, findings, and conclusions. BOMEX may not conduct a *de novo* review of the issues raised in the complaints and subject Dr. Bigelsen to a second, independent investigation and hearing. Therefore, we reverse and remand for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

Dr. Bigelsen is licensed by both BOMEX as a medical doctor and by the Homeopathic Board as a homeopathic physician. In August 1988, a life and health insurer filed a complaint with BOMEX against Dr. Bigelsen. That complaint alleged that Dr. Bigelsen charged a patient, K.H.,[1] for medical services which were not documented by his records. BOMEX informed Dr. Bigelsen of the complaint and asked him to respond.

---

1. The patients involved in the complaints are identified by initials to protect their identities.

*See* A.R.S. § 32–1451.01(D).

After receiving Dr. Bigelsen's response, BOMEX sent it and the complaint to the Homeopathic Board and informed the Homeopathic Board:

> Our normal process is to assign this matter to one of our staff medical consultants to prepare a report to be considered by the full Board at a later time.
>
> [We] would appreciate your review of the entire matter and comments as to whether you feel the Board of Medical Examiners can or should proceed with its review, or if you feel the matter involves Homeopathic practices, which would more appropriately fall under the Homeopathic Board.

The Homeopathic Board responded stating, it was "the opinion of [the Homeopathic Board] that this matter involves Dr. Bigelsen's homeopathic practice and should be investigated by this Board. We will inform your agency as to our findings."

The Homeopathic Board investigated the complaint against Dr. Bigelsen, found evidence that substantiated the delivery of services to K.H, and voted to dismiss the allegations. It then submitted its findings to BOMEX. After reviewing these findings, however, BOMEX requested that the Homeopathic Board determine whether reopening of the complaint was warranted and asked if the Homeopathic Board would object to an independent review by BOMEX. The Homeopathic Board declined to reopen the complaint, but it did not object to an independent review by BOMEX.

In April 1989, a medical doctor also filed a complaint against Dr. Bigelsen with BOMEX. The complainant was an allopathic physician from whom M.A.L., a patient of Dr. Bigelsen, had sought a second opinion. The complaint alleged that Dr. Bigelsen incorrectly advised M.A.L. that she had an abnormal liver, inappropriately gave her weekly magnetic field treatments at $75 per visit, inappropriately prescribed thyroid medication, and sent only lab reports without physician's notes when the complainant requested M.A.L.'s records. BOMEX also

informed Dr. Bigelsen of this second complaint and asked him to respond to it.

BOMEX sent Dr. Bigelsen's response and second complaint to the Homeopathic Board. The Homeopathic Board believed that it had primary jurisdiction over this second complaint because Dr. Bigelsen had fully informed M.A.L. that he would use homeopathic methods and techniques in her evaluation and care. It investigated the complaint, concluded that Dr. Bigelsen rendered appropriate care, and sent its findings to BOMEX.

BOMEX reviewed the findings and decided to conduct its own investigation of the two complaints. It asked Dr. Bigelsen to appear at an informal interview to discuss his care and treatment of K.H. and M.A.L., his billings for those patients, and the adequacy of his patient records. It informed Dr. Bigelsen that the interview could result in disciplinary action. Although Dr. Bigelsen objected to the BOMEX proceedings, he attended the interview.

After the interview, BOMEX found that Dr. Bigelsen (1) failed to keep legible treatment notes that reflected the nature and extent of treatment provided to K.H., (2) did not advise K.H. that certain treatment was experimental, and (3) prescribed to M.A.L. Carbarsone, an organic arsenical compound not in general use for treatment of intestinal amoeba and an inappropriate drug for the treatment of a liver problem. It also found that Dr. Bigelsen's belief that an allopathic physician would not understand his notes did not justify sending only laboratory reports without physician notes to M.A.L.'s second physician.

BOMEX concluded that the inadequate treatment notes and failure to obtain patient consent for use of an experimental treatment violated a previous stipulation and order between it and Dr. Bigelsen.[2] BOMEX also concluded that Dr. Bigelsen's prescription of Carbarsone violated A.R.S. section 32–1401(19)(q) (conduct which is or might be harmful or dangerous to the health of the patient or the public) and that

2. On August 7, 1986, BOMEX and Dr. Bigelsen entered an order that provided that Dr. Bigelsen would adequately document and maintain his patients' records and that, twice a year, he would allow two allopathic physicians to review his patients' medical records.

his refusal to send his patient notes to M.A.L.'s other physician violated A.R.S. section 32–1401(19)(e) (failing to maintain adequate records or to make records promptly available to another physician upon request). Accordingly, BOMEX censured Dr. Bigelsen and imposed an administrative penalty of $1,000.

Dr. Bigelsen asked BOMEX to reconsider and set aside its findings, conclusions, and decree of censure. After learning that K.H. had signed a consent to experimental treatment, BOMEX vacated its finding and conclusion as to the experimental treatment. Nevertheless, it did not change its order or other findings and conclusions.

Dr. Bigelsen filed a complaint against BOMEX in the superior court asking the court to reverse or modify the BOMEX decision. Ruling in favor of Dr. Bigelsen, the trial court found that "when [the Homeopathic Board] absolved Dr. Bigelsen of any unprofessional conduct on the two separate [c]omplaints in question, BOMEX became bound by those conclusions," and thus BOMEX lacked jurisdiction to investigate and discipline Dr. Bigelsen. The court vacated BOMEX's findings of fact, conclusions of law, and censure and fine against Dr. Bigelsen. It also awarded attorneys' fees and costs to Dr. Bigelsen pursuant to A.R.S. sections 12–348(A)(3), (C), (E), and (H).

When the trial court denied its motion for a new trial, BOMEX filed a timely appeal. We have jurisdiction pursuant to A.R.S. section 12–913.

## DISCUSSION

We hold that the trial court did not err in finding that both BOMEX and the Homeopathic Board agreed to have the latter investigate the complaints against Dr. Bigelsen. We also hold that even though the Homeopathic Board investigated the complaints and chose not to discipline Dr. Bigelsen, under A.R.S. section 32–1407, its decision does not preclude BOMEX from reviewing the record to determine whether it has grounds to discipline Dr. Bigelsen. But, BOMEX may not conduct a *de novo* review; it may not go beyond the record of the proceedings before the Homeopathic Board and conduct its own investigation.

Both A.R.S. sections 32–1407 [3] and 32–2907 [4] govern disciplinary action of a physician who is licensed by both BOMEX and the Homeopathic Board. The filing of a complaint with a particular board, however, determines which statute will govern investigation of the complaint. *See* A.R.S. § 32–1407(A) (when [BOMEX] receives a complaint) and § 32–2907(A) (when the [Ho-

---

**3.** Section 32–1407 states in relevant part:

A. When [BOMEX] receives a complaint concerning a physician who is also licensed pursuant to chapter 29 of this title, the board shall immediately notify the board of homeopathic medical examiners. If the boards disagree and if both boards continue to claim jurisdiction over the dual licensee, an arbitration panel shall decide jurisdiction pursuant to § 32–2907, subsections B, C, D and E.

B. If the licensing boards decide without resorting to arbitration which board or boards shall conduct the investigation, the board or boards conducting the investigation shall transmit all investigation materials, findings and conclusions to the other board with which the physician is licensed. The board or boards shall review this information to determine if disciplinary action shall be taken against the physician.

**4.** Section 32–2907 states in relevant part:

A. When the [Homeopathic Board] receives a complaint on a homeopathic physician who is also licensed [with BOMEX] or [with the

Osteopathic Board], the board shall immediately notify the other board with which the homeopathic physician holds a license.

B. If the boards disagree and if both boards continue to claim jurisdiction over the dual licensee, an arbitration panel shall decide jurisdiction.

. . . .

D. The panel shall determine which board shall investigate the complaint or whether both boards shall conduct their own investigation and hearing.

E. The board chosen to conduct the investigation shall transmit all investigation materials, findings and conclusions to the other board with which the physician is licensed. That board shall review this information to determine if it shall also take disciplinary action against the physician.

F. If the licensing boards decide without resorting to arbitration which board shall conduct the investigation, the board conducting the investigation shall transmit all materials, findings and conclusions to the other boards with which the physician is licensed.

meopathic Board] receives a complaint). Here, both complaints against Dr. Bigelsen were filed with BOMEX. Thus, section 32–1407 applies to this case.

■ The cardinal rule in statutory interpretation is to ascertain and give effect to the intent of the legislature. *Abbott v. City of Tempe*, 129 Ariz. 273, 275, 630 P.2d 569, 571 (App.1981). We first look to the words of the statute to determine legislative intent. *Kriz v. Buckeye Petroleum Co., Inc.*, 145 Ariz. 374, 377, 701 P.2d 1182, 1185 (1985). If the language of the statute is clear and unambiguous, it ordinarily must be regarded as conclusive unless the legislature has clearly expressed a contrary intent. *State ex rel. Corbin v. Pickrell*, 136 Ariz. 589, 592, 667 P.2d 1304, 1307 (1983). If the intent of the legislature is not entirely clear from the statutory language, we may also look to the policy behind the statute, and its context, subject matter, effects and consequences. *Calvert v. Farmers Ins. Co. of Ariz.*, 144 Ariz. 291, 294, 697 P.2d 684, 687 (1985) (citations omitted).

■ Although the language of section 32–1407 is somewhat ambiguous, it is sufficiently clear to determine the legislature's intended scheme for the discipline of a dual-licensed physician when a complaint against such physician is filed with BOMEX. After a complaint is filed with BOMEX and BOMEX notifies the Homeopathic Board about the complaint, section 32–1407 provides for two methods of investigation and discipline. First, for situations in which both BOMEX and the Homeopathic Board claim jurisdiction over the dual licensee, section 32–1407(A) provides that an arbitration panel shall decide which board will have jurisdiction over the complaint or whether both boards may conduct their own investigations and hearings. The arbitration panel makes this decision pursuant to A.R.S. § 32–2907(B) through (E). Second, section 32–1407(B) provides that the licensing boards may simply decide without resorting to arbitration which board or boards will conduct the investigation.

■ The two boards in this case did not arbitrate the matter. Therefore, under section 32–1407(B), they could decide between themselves which board or boards would conduct the investigation. Although BOMEX agreed to have the Homeopathic Board conduct the investigation of the complaints against Dr. Bigelsen, BOMEX argues that it never agreed that the Homeopathic Board's investigation was to be exclusive. We disagree. Although the trial court did not make a specific finding regarding an agreement between the boards, its minute entry and judgment reflects a determination that BOMEX agreed that the Homeopathic Board would investigate and determine whether disciplinary action should be taken against Dr. Bigelsen. We defer to the trial court on such a factual determination unless its finding is clearly erroneous. *Globe American Casualty Co. v. Lyons*, 131 Ariz. 337, 343, 641 P.2d 251, 257 (App.1981); *see also Coronado Co., Inc. v. Jacome's Dept. Store*, 129 Ariz. 137, 139, 629 P.2d 553, 555 (App.1981) (implied in every judgment are findings and conclusions necessary to sustain judgment). Based on the correspondence in the record and the conduct of the parties, we conclude that the trial court's finding of an agreement that only the Homeopathic Board would investigate the complaints against Dr. Bigelsen was not clearly erroneous.

■ We conclude, however, that the Homeopathic Board's decision not to discipline Dr. Bigelsen does not preclude BOMEX from taking its own disciplinary action. After the Homeopathic Board investigated the complaints and, pursuant to section 32–1407(B), transmitted its investigation materials, findings and conclusions to BOMEX, the Homeopathic Board dismissed both complaints against Dr. Bigelsen. Section 32–1407(B), clearly states that after the investigating board transmits its "investigation materials, findings and conclusion to the *other board* with which the physician is licensed[, t]he board ... *shall review this information* to determine if disciplinary action shall be taken against the physician." (Emphasis supplied.) Thus, section 32–1407(B) authorized BOMEX to review the Homeopathic Board's information and,

if warranted, take disciplinary action against Dr. Bigelsen.

An analysis of the statutory scheme that applies when the boards allow an arbitration panel to decide which board has jurisdiction buttresses our conclusion. Section 32–1407(A) provides that if the boards disagree about jurisdiction over a dual licensee, an arbitration panel shall decide jurisdiction pursuant to section 32–2907(B) through (E). Section 32–2907(E) states that after the investigating board conducts its investigation and transmits its materials, findings and conclusions to the other board, "[t]hat board shall review this information to determine if it shall *also* take disciplinary action against the physician." The word "also" in this section implies that the non-investigating board may take disciplinary action only if the investigating board actually disciplined the physician.

▮ Unlike section 32–2907(E), section 32–1407(B) does not include the word "also" or any other term to indicate that the non-investigating board may impose disciplinary sanctions only if the investigating board has done so, and thus we will not read that term into section 32–1407(B). *See Board of Regents v. Public Safety Retirement Fund Manager*, 160 Ariz. 150, 157, 771 P.2d 880, 887 (App.1989) (where legislature has specifically used a term in certain places within a statute and excluded it in another place, courts will not read that term into the section from which it was excluded). Consequently, under section 32–1407(B), a non-investigating board, such as BOMEX, may take disciplinary action against a dual-licensed physician even though the investigating board, such as the Homeopathic Board, chose not to take such action.

Nevertheless, if BOMEX desires to take disciplinary action against Dr. Bigelsen, that action must be based solely on the investigation materials, findings and conclusions of the Homeopathic Board. The parties disagree on whether BOMEX even considered the findings and conclusions of the Homeopathic Board, but neither disputes that BOMEX conducted an investigation that resulted in reports by its own

consultant and an interview with Dr. Bigelsen. The statutes contain no provision authorizing an independent investigation by BOMEX. Although section 32–1407(B) expressly authorizes the licensing boards to decide which board or boards will investigate the complaint, that statute neither expressly nor impliedly authorizes the non-investigating board to conduct its own independent investigation.

▮ Despite this statutory scheme, Dr. Bigelsen argues that the doctrine of collateral estoppel bars BOMEX from investigating and taking disciplinary action under the two complaints. We disagree. Collateral estoppel "is applicable when the issue or fact to be litigated was actually litigated in a previous suit, a final judgment was entered, and the party against whom the doctrine is to be invoked had a full opportunity to litigate the matter and actually did litigate it, provided such issue or fact was essential to the prior judgment." *Chaney Bldg. Co. v. City of Tucson*, 148 Ariz. 571, 573, 716 P.2d 28, 30 (1986). Here, Dr. Bigelsen seeks to invoke the doctrine against BOMEX although it did not have a full opportunity to litigate the matter in the Homeopathic Board's proceedings and, in fact, did not participate in the Homeopathic Board's consideration of the complaints against Dr. Bigelsen. Thus, collateral estoppel does not apply.

## CONCLUSION

The trial court incorrectly found that BOMEX could not take any disciplinary action against Dr. Bigelsen. Nevertheless, we hold that BOMEX improperly conducted its own independent investigation of the complaint and considered those investigative materials in reaching a decision to censure and fine Dr. Bigelsen. Therefore, we remand this matter to the trial court with instructions to remand to BOMEX for reconsideration of the complaints against Dr. Bigelsen based solely on the Homeopathic Board's record of the investigative materials, findings, and conclusions. Thus, un-

less the issue of whether Dr. Bigelsen violated the 1986 stipulation and order, whether he improperly prescribed Carbarsone to M.A.L., and whether he failed to provide his notes to M.A.L.'s second doctor is included in the record of the proceedings before the Homeopathic Board, BOMEX may not use such matters as the basis for disciplinary action against Dr. Bigelsen.

CLABORNE and GRANT, JJ., concur.