OPINION OF THE COURT
Burton Ledina, J.
By order of Hearing Examiner Stegmayer of this court dated June 18, 1996, the petitioner was required to pay child support *694 in the amount of $340 bi-weekly for the parties’ children Heather Hopkins, bom December 20, 1986, and Michael Hopkins, born November 25, 1989, and to provide medical insurance and payment for unreimbursed medical expenses for them. At the time of said order, both parties resided in Liberty, New York. The petitioner has been making the support payments through the Sullivan County Support Collection Unit.
He filed a petition seeking a downward modification of such support on October 12, 2000. On the petition he listed his address as 9 Hamilton Road, Boiling Springs, Pennsylvania, and the respondent’s as 2759 Pennington Drive, Medford, Oregon. The children reside with their mother in Oregon. Hearing Examiner Linen, by order dated October 16, 2000, dismissed the petition on the grounds that Sullivan County was an improper forum, neither party residing in Sullivan County.
The petitioner has duly filed and served objections to the order of dismissal. The respondent has not filed any rebuttal thereto.
The Hearing Examiner correctly determined that she had no jurisdiction over the modification petition. While the petitioner points to Family Court Act § 451 as providing for continuing jurisdiction over support proceedings, the quotation from that section, contained in paragraph 7 of the objections, omits the first phrase of the section, “Except as provided in article five-b of this act.” Thus, section 451 is subject to the provisions of Family Court Act article 5-B, the Uniform Interstate Family Support Act (UIFSA), said act being an attempt to specifically fix support jurisdiction in one State, and avoid the problems of multi-State proceedings.
There is no subject matter jurisdiction here. Subdivision (a) of Family Court Act § 580-205 grants New York “continuing, exclusive jurisdiction” over child support orders, (1) as long as New York remains the residence of either of the parties or the children. New York jurisdiction therefore does not “continue” in the instant case since neither parties nor children reside in New York any longer.
Under Family Court Act § 580-611 (a) (1), the New York support order can be modified in another State if: (i) both parties and the children no longer reside in New York; (ii) the petitioner does not live in the State where he brings the modification petition; and (iii) the respondent is subject to that State’s jurisdiction. Under this provision, the petitioner’s remedy here is to register the New York order in Oregon, and file for modification there. He may take advantage of the appearance and evidence provisions of section 580-316.
*695 The statutory language is somewhat ambiguous in that section 580-205 (a), which deprives the State of “continuing, exclusive jurisdiction” over a child support order so long as either party or the children remain New York residents, is followed by section 580-205 (b), which reads, “A tribunal of this state issuing a child-support order consistent with the law of this state may not exercise its continuing jurisdiction to modify the order if the order has been modified by a tribunal of another state pursuant to * * * [UIFSA].” The question is whether this implies the existence of a continuing, albeit not exclusive, jurisdiction to modify when all have left the State, which terminates only on the issuance of a modification by another State pursuant to UIFSA.
The commentaries and case law support the loss of jurisdiction when neither parties nor children reside in New York. (Sobie, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 580-205, at 224; § 580-611, at 278; Sobie, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 580-611, 2000 Pocket Part, at 12; see, Matter of Jolanka K., NYLJ, Feb. 26, 1999, at 33, col 1 [declining jurisdiction under a similar fact pattern]; see also the analysis in Government of Virgin Islands ex rel. Simanca v Proctor, 1998 WL 453666 [D VI]; 20 U Dayton L Rev 425, 461 [to the same effect].)
The Comment from the National Conference of Commissioners on Uniform State Laws found at 1996 Uniform Interstate Family Support Act § 205 (9 ULA 285) on the jurisdiction question of section 205 of the act is instructive:
“Just as Subsection (a)(1) defines the retention of continuing, exclusive jurisdiction, by clear implication the subsection also defines how jurisdiction to modify may be lost. That is, if all the relevant persons — the obligor, the individual obligee, and the child — have permanently left the issuing state, the issuing state no longer has an appropriate nexus with the parties or child to justify exercise of jurisdiction to modify. Further, the issuing tribunal has no current information about the factual circumstances of anyone involved, and the taxpayers of that state have no reason to expend public funds on the process.”
The Comment goes on to note that the original order remains effective and enforceable; only the issuing State’s jurisdiction to modify is lost.
*696 This court resolves the section 580-205 (a)/(b) ambiguity in favor of the cessation of all jurisdiction to modify when those interested in the case have left the State. When such event occurs, the person seeking a modification is provided with the avenues of section 580-611 or section 580-613 under which to proceed. The UIFSA seeks to avoid multiplicities of proceedings and jurisdictions. Only one State at a time is given the authority to modify an order. That authority has been called continuing exclusive jurisdiction. UIFSA provides rules to determine when a State has it and when it loses it, and the fact that there may be a break when the people leave one State and before modification is accomplished by another State is of no matter. The original order remains in force, and a new forum for modification is available.
In accordance with the foregoing, it is ordered that the petitioner’s objections to the order of the Hearing Examiner, dated October 16, 2000, dismissing the matter for lack of jurisdiction, be and the same hereby are denied.