109 P.3d 89

**In re the Marriage of Christine E. McHALE, Petitioner–Appellee,**

v.

**Michael J. McHALE, Respondent–Appellant.**

**No. 1 CA–CV 04–0022.**

Court of Appeals of Arizona. Division 1, Department C.

March 8, 2005.

Fromm Smith & Gadow, P.C., Phoenix, by Stephen R. Smith, Sandra J. Fromm, for Petitioner–Appellee.

Mariscal, Weeks, McIntyre & Friedlander, P.A., Phoenix, by Leonce A. Richard III, for Respondent–Appellant.

## OPINION

WINTHROP, J.

¶ 1 Michael J. McHale ("Father") appeals the trial court's order accepting jurisdiction over the petition for contempt and modification of child support filed by Christine E. McHale ("Mother"). Reviewing *de novo,* we conclude that the trial court appropriately accepted jurisdiction over the enforcement aspects of Mother's petition, but erred by accepting jurisdiction to modify the original order of support.

### FACTUAL AND PROCEDURAL HISTORY

¶ 2 Mother and Father were married in New Jersey in 1993. In 2000, Mother filed a petition for dissolution of marriage in Maricopa County Superior Court. At that time, both parties and their minor child resided in Scottsdale, Arizona. The dissolution order and decree, filed in 2001, provided for joint custody and ordered Father to pay Mother $472 per month in child support beginning January 1, 2001. Mother and the child moved to Texas, and Father moved to California.

¶ 3 In July 2003, Mother filed a petition regarding contempt and seeking modification of child support in Maricopa County Superior Court. The petition alleged that Father had not paid child support since December 2002, and Mother requested that the court order Father pay $4490 in arrears plus interest. In addition, Mother alleged that Father had not qualified for the 111–day visitation adjustment in his child support obligation, and she contended that child support should therefore be modified to $695 per month. Finally, Mother requested costs and attorneys' fees.

¶ 4 Father filed a motion to dismiss the petition. He argued that the superior court lacked continuing, exclusive jurisdiction to enforce or modify its support order under Arizona Revised Statutes ("A.R.S.") section 25–626(A) (2000) because the parties and the minor child had moved out of Arizona. However, Father agreed to submit to personal jurisdiction in Texas for the purpose of modification and enforcement of child support. Father requested attorneys' fees as well.

¶ 5 At the evidentiary hearing in November 2003, the trial court denied Father's motion to dismiss on the ground that A.R.S. § 25–626(A) and (B) granted the court continuing jurisdiction to enforce and/or modify

the pre-existing support order because "the order has not been modified by a court of another state." The court ordered Father to pay arrears, found that a substantial and continuing change in circumstances warranted that Father pay Mother a much larger amount of support, and awarded Mother costs and attorneys' fees.

¶ 6 Father timely appealed the superior court's order. *See* ARCAP 9(a). We have jurisdiction over this appeal pursuant to A.R.S. § 12–2101 (2003).

## STANDARD OF REVIEW

¶ 7 Our review centers on the interpretation of the jurisdictional restrictions presented by the Uniform Interstate Family Support Act ("UIFSA") [1] as adopted by our state legislature. *See* A.R.S. §§ 25–621 to –661 (2000).[2] Here, we limit our *de novo* review to the superior court's construction and application of A.R.S. § 25–626(A) and (B). *See Williams v. Williams,* 166 Ariz. 260, 264, 801 P.2d 495, 499 (App.1990) ("Interpretation of a statute involves the resolution of legal rather than factual issues. Accordingly, we are not bound by the trial court's conclusions of law and conduct our review *de novo.*" (Citation omitted.)); *cf. In re Marriage of Metz,* 31 Kan.App.2d 623, 69 P.3d 1128, 1130 (2003) ("Whether the trial court has the authority under UIFSA to modify its child support order involves subject matter jurisdiction, which is a question of law over which this court has unlimited review.") (citing *In re*

*Marriage of Abplanalp,* 27 Kan.App.2d 833, 7 P.3d 1269 (2000)).

## ANALYSIS

 ¶ 8 Father does not appeal the portion of the superior court's order enforcing the pre-existing child support order. He challenges only the court's jurisdiction to modify the pre-existing order given that the parties and their minor child reside in states other than Arizona. The relevant portion of the statute governing jurisdiction in this case, A.R.S. § 25–626, provides as follows:

**A.** A tribunal of this state issuing a support order consistent with the law of this state has continuing, exclusive jurisdiction over a child support order *as long as* this state remains the residence of the obligor, the individual obligee or the child for whose benefit the support order is issued *or until* each individual party has filed written consent with the tribunal of this state for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction.

**B.** A tribunal of this state issuing a child support order consistent with the law of this state shall not exercise its continuing jurisdiction to modify the order if the order has been modified by a tribunal of another state pursuant to a law substantially similar to this article.

(Emphasis added.) [3]

¶ 9 Turning to the language of A.R.S. § 25–626(A) and (B), subsection (A) provides

**1.** UIFSA "was originally adopted by the National Conference of Commissioners on Uniform State Laws in 1992 and revised in 1996 in response to legislation at the federal level impacting state child support enforcement laws." Kurtis A. Kemper, Annotation, *Construction and Application of Uniform Interstate Family Support Act,* 90 A.L.R. 5th 1, 31, § 2 (2001); *see also* Mechelene DeMaria, Comment, *Jurisdictional Issues Under the Uniform Interstate Family Support Act,* 16 J. Am. Acad. Matrim. Law 243, 243–44 (1999). All states have adopted some version of UIFSA. Kemper, 90 A.L.R. 5th at 31, § 2.

**2.** In 1993, the Arizona Legislature adopted a version of UIFSA (1992), which went into effect in 1995. 1993 Ariz. Sess. Laws, ch. 143, § 2. In May 2004, the Governor approved a conditional bill that will repeal Arizona's current version of UIFSA (1996), and renumber and replace it with

UIFSA (2001) in A.R.S. §§ 25–1201 to –1342. 2004 Ariz. Sess. Laws, ch. 186, §§ 1–3 (repealing UIFSA (1996) and enacting UIFSA (2001), as provided in S.B. 1332, 46th Leg., 2d Reg. Sess. (Ariz.2004)). The new version of A.R.S. § 25–626 (A.R.S. § 25–1225) is almost identical to the 2001 version of UIFSA § 205. *See* UIFSA (2001) § 205, 9IB U.L.A. 192–93 (2005).

**3.** The revised version of the statute, conditional A.R.S. § 25–1225, provides in pertinent part:

A. A tribunal of this state that has issued a support order consistent with the law of this state has and shall exercise continuing, exclusive jurisdiction to modify its child support order if the order is the controlling order and either:

1. At the time of the filing of a request for modification this state is the residence of the

that an Arizona court retains continuing, exclusive jurisdiction "as long as" a party or related child remains in Arizona, "or until" each party has filed written consent to jurisdiction elsewhere. Father interprets this language to mean that the superior court retains jurisdiction to modify until *either* of these two provisions in subsection (A) may be invoked. Here, the "as long as" provision is no longer met; therefore, Father contends, the superior court no longer has jurisdiction to modify the pre-existing order. Father also points out that "subsection (B) of the statute does not grant the trial court any independent or additional authority to modify its prior child support orders"; instead, Father argues, subsection (B) imposes an additional restriction on the trial court's continuing authority when such authority exists under subsection (A).

¶ 10 By contrast, Mother asserts that, when subsections (A) and (B) are read together, it becomes clear that when all parties and children have left the state, the superior court retains jurisdiction to modify until *either* written consent is provided *or* another state's court acts. Mother further contends that Father's interpretation renders subsection (B) of the statute "meaningless."

■■■■ ¶ 11 The plain language of A.R.S. § 25–626(A) and (B) does not rule out either party's interpretation. Given the ambiguity present in the statute, we must look to the legislative intent and the policies that sustain it. *See Simpson v. Owens*, 207 Ariz. 261,

279, ¶ 62, 85 P.3d 478, 496 (App.2004). "The cardinal rule in statutory interpretation is to ascertain and give effect to the intent of the legislature. . . . If the intent of the legislature is not entirely clear from the statutory language, we may also look to the policy behind the statute, and its context, subject matter, effects and consequences." *Id.* (quoting *Bigelsen v. Ariz. State Bd. of Med. Exam'rs*, 175 Ariz. 86, 90, 853 P.2d 1133, 1137 (App. 1993) (citations omitted)).

¶ 12 The corresponding section of the uniform act upon which our legislature initially based A.R.S. § 25–626 is the 1992 version of UIFSA § 205. This 1992 version is almost identical to A.R.S. § 25–626. *See* UIFSA (1992) § 205, 9IB U.L.A. app. 487–88 (2005); *see also Linn v. Del. Child Support Enforcement*, 736 A.2d 954, 959–60 & n. 22 (Del.1999) (quoting UIFSA (1992) § 205).[4] Moreover, the drafters of the 1992 version of UIFSA set forth in pertinent part the following in the Comment to § 205:

> If all parties and the child reside elsewhere, the issuing state loses its continuing, exclusive jurisdiction—which in practical terms means the issuing tribunal loses its authority to modify its order. The issuing state no longer has a nexus with the parties or child and, furthermore, the issuing tribunal has no current information about the circumstances of anyone involved.

UIFSA (1992) § 205 cmt., 9IB U.L.A. app. 488 (2005);[5] *Linn*, 736 A.2d at 962 (quoting UIFSA (1992) § 205 cmt.).[6]

---

obligor, the individual obligee or the child for whose benefit the support order is issued.

2. If this state is not the residence of the obligor, the individual obligee or the child for whose benefit the support order is issued, the parties consent in a record or in open court that the tribunal of this state may continue to exercise jurisdiction to modify its order.

B. A tribunal of this state that has issued a child support order consistent with the law of this state shall not exercise continuing, exclusive jurisdiction to modify the order if either:

1. All of the parties who are individuals file consent in a record with the tribunal of this state that a tribunal of another state that has jurisdiction over at least one of the parties who is an individual or that is located in the state of residence of the child may modify the order and assume continuing, exclusive jurisdiction.

2. Its order is not the controlling order.

2004 Ariz. Sess. Laws, ch. 186, § 2.

**4.** The 1996 version of UIFSA § 205 is also nearly identical to A.R.S. § 25–626. *See* UIFSA (1996) § 205, 9IB U.L.A. 339–40 (2005). The statute was only renumbered (not amended) by the Arizona Legislature in 1996. *See* 1996 Ariz. Sess. Laws, ch. 192, § 12.

**5.** Similarly, the Comment to the 1996 version of UIFSA § 205 states in pertinent part: "[I]f all the relevant persons—the obligor, the individual obligee, and the child—have permanently left the issuing state, the issuing state no longer has an appropriate nexus with the parties or child to justify exercise of jurisdiction to modify." UIFSA (1996) § 205 cmt., 9IB U.L.A. 340 (2005).

**6.** We also note that the Comment to the 2001 version of UIFSA § 205, which Arizona has conditionally adopted, recognizes in pertinent part:

> Just as Subsection (a) defines the retention of continuing, exclusive jurisdiction, by clear im-

¶ 13 Given that the 1992 version of § 205 of UIFSA and A.R.S. § 25–626 are almost identical, we find the language of the Comment to UIFSA (1992) § 205 to be a strong indicator of our state legislature's intent when it enacted A.R.S. § 25–626. *See In re Estate of Dobert,* 192 Ariz. 248, 252, ¶ 17, 963 P.2d 327, 331 (App.1998) ("When a statute is based on a uniform act, we assume that the legislature 'intended to adopt the construction placed on the act by its drafters.' [Citation omitted.] Thus, commentary to such a uniform act is 'highly persuasive unless erroneous or contrary to settled policy in this state.'") (quoting *State v. Sanchez,* 174 Ariz. 44, 47, 846 P.2d 857, 860 (App.1993)).

¶ 14 Further, we note that courts of other states have decided this issue in favor of Father's interpretation. *See, e.g., Metz,* 69 P.3d at 1132–33; *Jurado v. Brashear,* 782 So.2d 575, 580–81 (La.2001); *Hopkins v. Browning,* 186 Misc.2d 693, 719 N.Y.S.2d 839, 841 (N.Y.Fam.Ct.2000); *Etter v. Etter,* 18 P.3d 1088, 1091 (Okla.Ct.App.2001); *In re B.O.G.,* 48 S.W.3d 312, 318 (Tex.App.2001); *see also Zaabel v. Konetski,* 209 Ill.2d 127, 282 Ill.Dec. 748, 807 N.E.2d 372, 375–77 (2004) (noting in dicta, and without deciding the issue, that persuasive authority supported the conclusion that the Illinois court no longer retained jurisdiction to modify a prior support order, under a statute identical to UIFSA (1996) § 205, when the parties and their children had moved out of the state). We conclude, accordingly, that the superior court did not retain jurisdiction in this case to modify the pre-existing order after the parties and the child had moved out of Arizona. *See generally* Janet Atkinson, *Long–Arm Collection Through the Uniform Interstate Family Support Act,* 23 Fam. Advoc. 46, 48 (Fall 2000) (explaining that under UIFSA, "[t]he issuing state loses subject-matter jurisdiction to modify a child support order when all case participants permanently relocate outside the state").

¶ 15 Finally, as a matter of policy, UIFSA establishes a set of "bright line" rules that are intended to prevent multiple, inconsistent support orders among the states. *See Linn,* 736 A.2d at 961, 963 (quoting UIFSA (1996) § 611 cmt.); *Metz,* 69 P.3d at 1130. Finding that the superior court had the power to modify the pre-existing order in this case would violate the policy and open the door to the inconsistent orders that § 25–626 attempts to avoid.

## CONCLUSION

¶ 16 For the foregoing reasons, we hold that the superior court did not retain jurisdiction to modify the pre-existing child support order in this case. We therefore affirm the part of the order that enforces the pre-existing order, vacate the part of the order that modifies the pre-existing order, vacate the award of costs and attorneys' fees to Mother without prejudice to reconsideration on remand, and remand for proceedings consistent with this opinion. Neither side requests attorneys' fees on appeal. Accordingly, none are awarded. We award Father his costs on appeal upon his compliance with Rule 21 of the Arizona Rules of Civil Appellate Procedure.

EHRLICH, P.J. and OBERBILLIG, Judge Pro Tem.*, concurring.

---

plication the subsection also identifies how jurisdiction to modify may be lost. That is, if all the relevant persons—the obligor, the individual obligee, and the child—have permanently left the issuing State, the issuing State no longer has an appropriate nexus with the parties or child to justify the exercise of jurisdiction to modify its child-support order. *See In re Marriage of Erickson,* Wash.App. Div. 3 2000, 991 P.2d 123, 98[sic] (Wash.App.2000); *Groseth v.*

*Groseth,* [257 Neb. 525,] 600 N.W.2d 159 (Neb. 1999).

UIFSA (2001) § 205 cmt., 9IB U.L.A. 194 (2005).

* NOTE: The Honorable Robert H. Oberbillig, Judge of Maricopa County Superior Court, was authorized by the Chief Justice of the Arizona Supreme Court to participate in the disposition of this appeal pursuant to the Arizona Constitution, Article 6, Section 3, and A.R.S. §§ 12–145 to –147 (2003).