246 P.3d 944

**STATE of Arizona, ex rel. The DEPARTMENT OF ECONOMIC SECURITY, Petitioner/Appellant,**

v.

**Ralph J. TAZIOLI, III, Respondent/Appellee.**

**No. 1 CA–CV 10–0031.**

Court of Appeals of Arizona, Division 1, Department D.

Jan. 6, 2011.

Thomas C. Horne, Attorney General By Kathryn E. Harris, Assistant Attorney General, Mesa, Attorneys for Petitioner/Appellant.

**OPINION**

WINTHROP, Presiding Judge.

¶ 1 The State timely appeals from the superior court's assertion of jurisdiction and modification of an award of child support, and its denial of the State's request for a new trial. In this opinion, we hold that, pursuant to Arizona Revised Statutes ("A.R.S.") section 25–1225 (2007), the superior court lacked jurisdiction to modify the support order. Accordingly, we vacate the orders and remand with directions to the superior court to direct Ralph J. Tazioli's ("Appellee's") petition to modify the child support award to the appropriate jurisdiction and tribunal for resolution of the merits of the petition.

**FACTS AND PROCEDURAL BACKGROUND**

¶ 2 Together, Appellee and his ex-spouse ("Mother") have one child. On February 2, 2000, the court ordered Appellee to make monthly child support payments in the amount of $514.00. Since the initial award of child support, all parties have moved from Arizona and are now permanently domiciled in other states. The child resides with Mother.[1]

---

1. Mother's address is protected and Appellee is unaware of Mother's and the child's current whereabouts.

¶3 Appellee has failed to make child support payments and owes a considerable amount in arrears. In 2008, Appellee filed an Accelerated Petition to Modify Child Support to significantly lower his monthly obligation.

¶4 A hearing was set on February 25, 2009; however, only counsel for Appellee and for the State appeared.[2] At that hearing, the State notified the court that Mother refused to "submit to the jurisdiction of Arizona."[3] Accordingly, the State argued that the court could no longer maintain continuing, exclusive jurisdiction over the child support award as neither party was a resident of Arizona and because Mother was refusing to consent to Arizona's jurisdiction. Due in part to the dispute over the court's jurisdiction, the court ordered both parties to submit memoranda on that and other issues and set a new hearing, which occurred on May 27, 2009. Mother also did not appear at this hearing, nor was she represented by counsel.

¶5 On June 4, 2009, the court issued an order asserting continuing, exclusive jurisdiction over the matter pursuant to A.R.S. § 25–1225(B)(1) and modifying the award. The State subsequently filed a motion for a new trial. The motion was denied on July 14, 2009, and the order was signed by the court on October 6, 2009. The State timely appealed.

¶6 We have jurisdiction pursuant to A.R.S. § 12–2101(F)(1) (2003).

## DISCUSSION

¶7 On appeal, the State argues that the court erred in finding that it had continuing, exclusive jurisdiction over the child support award under A.R.S. § 25–1225(B)(1).[4] The State contends that, pursuant to A.R.S. § 25–1225(A), the Arizona superior court no longer has jurisdiction to modify the child support award. Although we review the decision to modify a child support award under an abuse of discretion standard, we review *de novo* the court's exercise of its jurisdiction and its interpretation of the relevant statute as a question of law. See *Guerra v. Bejarano*, 212 Ariz. 442, 443, ¶ 6, 133 P.3d 752, 753 (App.2006).

¶8 In relevant part, A.R.S. § 25–1225 provides:

A. *A tribunal of this state* that has issued a support order consistent with the law of this state *has and shall exercise continuing, exclusive jurisdiction* to modify its child support order *if the order is the controlling order and either*:

1. *At the time of the filing of a request for modification* this state is the residence of the obligor, the individual obligee or the child for whose benefit the support order is issued.

2. *If this state is not the residence of the obligor, the individual obligee or the child* for whose benefit the support order is issued, *the parties consent in a record or in open court that the tribunal of this state may continue to exercise jurisdiction to modify its order.*

B. A tribunal of this state that has issued a child support order consistent with the law of this state shall not exercise continuing, exclusive jurisdiction to modify the order if either:

1. All of the parties who are individuals file consent in a record with the tribunal of this state that a tribunal of another state that has jurisdiction over at least one of the parties who is an individual or that is located in the state of residence of the

2. We note that this was a hearing pursuant to Title IV–D of the federal Social Security program. Under federal law, the states are charged with planning for and enforcing awards of child and/or spousal support. *See* 42 U.S.C. § 654 (West 2010). Accordingly, the State had standing to participate in the instant matter pursuant to A.R.S. § 25–509 (2007). Subsection (A) states that the State may "initiate an action or intervene in an action" to modify or enforce a child support award and that "[a]n attorney-client relationship does not exist between the attorney

and an applicant or recipient of child support enforcement services." Further, subsection (B) states that "[i]ntervention by the state in an existing action is by unconditional right."

3. The State had been in contact with Mother regarding the instant proceedings and the Clerk of Court had forwarded the petition to Mother.

4. Although provided the opportunity, Father did not file a brief in this matter.

child may modify the order and assume continuing, exclusive jurisdiction.

2. Its order is not the controlling order. (Emphases added.) This statute replaced A.R.S. § 25–626 (West 2000), which contained substantially similar language and was analyzed in detail by this court in *McHale v. McHale*, 210 Ariz. 194, 109 P.3d 89 (App. 2005). Section 25–1225 also closely mirrors the language found in the Uniform Interstate Family Support Act ("UIFSA") § 205 (2008). *See also McHale*, 210 Ariz. at 196 n. 2, ¶ 7, 109 P.3d at 91 n. 2 (noting that A.R.S. § 25–1225, that had recently been conditionally enacted, is "almost identical to the 2001 version of UIFSA § 205"). Further, because A.R.S. § 25–1225 is based on UIFSA, a uniform act, we find the commentary on UIFSA to be "highly persuasive." *In re Estate of Dobert*, 192 Ariz. 248, 252, 963 P.2d 327, 331 (App.1998) (quoting *State v. Sanchez*, 174 Ariz. 44, 47, 846 P.2d 857, 860 (App.1993)).

¶ 9 In *McHale*, we considered an appeal in which the father had contested the assertion of continuing, exclusive jurisdiction by the Arizona court when it modified a child support award. We ultimately held that the court erred in asserting jurisdiction and modifying the award in that case because:

> If all parties and the child reside elsewhere, the issuing state loses its continuing, exclusive jurisdiction—which in practical terms means the issuing tribunal loses its authority to modify its order. The issuing state no longer has a nexus with the parties or child and, furthermore, the issuing tribunal has no current information about the circumstances of anyone involved.

*McHale*, 210 Ariz. at 197, ¶ 12, 109 P.3d at 92 (quoting UIFSA § 205 cmt. (1992)).

¶ 10 Though *McHale* involved former A.R.S. § 25–626, we see no reason why the rationale in that case would not equally apply to the subsequent version of that statute now embodied in A.R.S. § 25–1225. Indeed, the plain language of A.R.S. § 25–1225(A)(2) compels us to reach the same conclusion as we did in *McHale:* the court lacked jurisdiction to modify the child support award as neither party currently resides in Arizona and Mother refuses to consent to jurisdiction in Arizona. *See State v. Garcia*, 219 Ariz. 104, 106, ¶ 6, 193 P.3d 798, 800 (App.2008) (noting that "[o]ur goal in interpreting statutes is to ascertain and give effect to the intent of the legislature" and "[w]e first look at the plain language of the statute as the best and most reliable indicator of the statute's meaning" (citations omitted)); *see also* UIFSA § 205 cmt. (Supp.2010) ("Just as subsection (a) defines the retention of continuing, exclusive jurisdiction, by clear implication the subsection also identifies how jurisdiction to modify may be lost. That is, if all the relevant persons ... have permanently left the issuing state, absent an agreement the issuing tribunal no longer has an appropriate nexus with the parties or child to justify the exercise of jurisdiction to modify its child-support order."). Just as this court found in *McHale*, although Arizona was the issuing state of the child support order in this case, it no longer shares a nexus with any of the parties at bar, and has not shared any such nexus for several years.

¶ 11 Further, we find that the court erred in asserting jurisdiction pursuant to A.R.S. § 25–1225(B)(1). That sub-section only applies in instances where, first, the tribunal has properly asserted continuing, exclusive jurisdiction over the subject matter, and second, where the parties themselves decide to take the issue to another tribunal. *See* UIFSA § 205 cmt. ("Subsection (b)(1) explicitly provides that the parties may agree in a record that the issuing tribunal should relinquish its continuing, exclusive jurisdiction to modify so that a tribunal in another state may assume [continuing, exclusive jurisdiction] to modify the child-support order."). In this case, the court could not properly assert its jurisdiction pursuant to A.R.S. § 25–1225(A), and therefore, erroneously applied sub-section (B) in modifying the child support award.

¶ 12 In the court below, Appellee argued that he was unable to file his petition in the proper jurisdiction because he did not know where Mother currently resides because she has a protected address. The record, however, indicates that the State and/or the clerk of the superior court have been in contact with Mother and either know where she cur-

rently resides or can easily ascertain such information and, therefore, can readily determine which tribunal properly has jurisdiction in this matter. Accordingly, pursuant to A.R.S. §§ 25–1241(B) (2007) and 25–1244 (2007),[5] we direct the superior court to forward Appellee's petition and its accompanying documents to the appropriate tribunal or support enforcement agency. Through this statutorily created mechanism, Appellee will not be left without recourse and will be able to have the proper tribunal consider his petition and determine whether modification is appropriate.

## CONCLUSION

¶ 13 For the aforementioned reasons, we vacate the court's order of June 4, 2009, asserting jurisdiction over the matter and modifying the child support award, and its order of July 14, 2009, denying a new trial. Pursuant to A.R.S. §§ 25–1241 and 25–1244, we remand for the superior court to direct Appellee's petition to the appropriate tribunal for resolution on the merits. We further direct the clerk of this court to forward a copy of this decision to Appellee.

CONCURRING: PATRICIA K. NORRIS and PATRICK IRVINE, Judges.

---

5. Section 25–1241(B) provides:

B. An individual petitioner or a support enforcement agency may initiate a proceeding authorized under this chapter by filing a petition in an initiating tribunal for forwarding to a responding tribunal or by filing a petition or a comparable pleading directly in a tribunal of another state that has or can obtain personal jurisdiction over the respondent.

Further, A.R.S. § 25–1244 provides:

A. On the filing of a petition authorized by this chapter, an initiating tribunal of this state shall forward the petition and its accompanying documents either:

1. To the responding tribunal or the appropriate support enforcement agency in the responding state.

2. If the identity of the responding tribunal is unknown, to the state information agency of the responding state with a request that the petition be forwarded to the appropriate tribunal and that receipt be acknowledged.

B. If requested by the responding tribunal, a tribunal of this state shall issue any certificate or other document and may make findings required by the law of the responding state. If the responding state is a foreign country or political subdivision, on request the tribunal shall specify the amount of support sought, convert that amount into the equivalent amount in the foreign currency under applicable official or market exchange rate as publicly reported, and provide any other documents necessary to satisfy the requirements of the responding state.