IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SAGUARO HEALING, LLC, an Arizona limited liability company,
*Petitioner*,

*v.*

THE HONORABLE ALISON BACHUS, Judge of the SUPERIOR COURT
OF THE STATE OF ARIZONA, in and for the County of MARICOPA,
*Respondent Judge*,

STATE OF ARIZONA, a governmental entity; ARIZONA DEPARTMENT
OF HEALTH SERVICES, a political subdivision of the State of Arizona;
JENNIE CUNICO, in her official capacity as acting director of the Arizona
Department of Health Services,
*Real Parties in Interest.*

No. 1 CA-SA 23-0066
FILED 7-13-2023

Petition for Special Action from the Superior Court in Maricopa County
No. CV2017-054686
The Honorable Alison Bachus, Judge (Retired)

**JURISDICTION ACCEPTED; RELIEF GRANTED IN PART**

COUNSEL

Clark Hill PLC, Scottsdale
By Ryan J. Lorenz, Sean M. Carroll, Jarin K. Giesler, Daniel P. Thiel
*Counsel for Petitioner*

Sherman & Howard L.L.C., Phoenix
By Gregory W. Falls, Craig A. Morgan, Matthew A. Hesketh, Jake Tyler Rapp
*Counsel for Real Parties in Interest*

---

## OPINION

Presiding Judge Maria Elena Cruz delivered the opinion of the Court, in which Judge James B. Morse Jr. and Judge Paul J. McMurdie joined.

---

**C R U Z**, Judge:

¶1 Petitioner Saguaro Healing, LLC ("Saguaro") seeks relief from the superior court's order denying its motion to unseal documents submitted to the court by the Arizona Department of Health Services ("ADHS") for *in camera* inspection. For the following reasons, we accept jurisdiction and grant relief in part.

## FACTUAL AND PROCEDURAL HISTORY

¶2 Under the Arizona Medical Marijuana Act ("AMMA"), Arizona Revised Statutes ("A.R.S.") sections 36-2801 to -2822, an individual or entity must apply to ADHS for a dispensary registration certificate before ADHS may approve the individual or entity to operate a dispensary. ADHS may only issue a limited number of certificates. Each year, ADHS reviews current valid dispensary certificates to determine if it may issue additional dispensary registration certificates pursuant to A.R.S. § 36-2804(C). Ariz. Admin. Code ("A.A.C.") R9-17-303(A).

¶3 In 2016, ADHS determined it could issue new registration certificates and announced it would accept applications between July 18 and July 29, 2016. *Saguaro Healing LLC v. State*, 249 Ariz. 362, 363, ¶ 4 (2020). Saguaro applied for a certificate and indicated its dispensary would be located in La Paz County. *Id.* During the application period, the only dispensary operating in La Paz County left the county. *Id.* at ¶ 5. When ADHS did not issue a certificate to Saguaro or any other applicant, Saguaro sued ADHS. *Id.* at 364, ¶ 6. Ultimately, the Arizona Supreme Court ruled in Saguaro's favor, holding that A.R.S. § 36-2804(C) required ADHS to issue at least one medical marijuana dispensary registration certificate in each county with a qualified applicant. *Id.* at 366, ¶ 23. Our supreme court remanded to the superior court for further proceedings. *Id.*

2

**¶4**        The superior court later remanded the case to ADHS for further administrative proceedings "so ADHS may issue a marijuana dispensary registration certificate consistent with the Arizona Supreme Court's [opinion] in *Saguaro Healing LLC v. State*, . . . under the applicable statutes and rules in effect on October 6, 2016, after having considered applications submitted for potential dispensaries in La Paz County between July 18, 2016 and July 29, 2016."

**¶5**        In February 2022, ADHS filed a notice of compliance in the superior court, stating it had awarded the La Paz County medical marijuana dispensary registration certificate to an applicant other than Saguaro ("the successful applicant").  Saguaro opposed the notice of compliance and moved to compel ADHS to produce documentation proving it had properly issued the dispensary certificate.  ADHS opposed the motion to compel, relying on the AMMA confidentiality statute, A.R.S. § 36-2810(A).  The superior court granted the motion to compel in part, ordering ADHS to submit the requested documents to the court for an *in camera* review.

**¶6**        ADHS submitted, ex-parte for *in camera* inspection, a thumb drive which had electronic files containing seven documents:

(i)        The rules and statutes applied by ADHS in its December 2021 allocation process- "Relevant 2016 AMMA Statutes and Rules."
(ii)       The number of applicants considered in the 2021 allocation process.
(iii)      The 2016 application of the successful applicant and documents obtained by ADHS in its due diligence process and notes made as part of that process.
(iv)      The scoring rubric used by ADHS during the December 2021 allocation process, as specified in A.A.C. § R9-17-303(B)(1)(b).
(v)       The score of the successful party.
(vi)      Saguaro's score.
(vii)     The certificate issued to the successful party.

**¶7**        In August 2022, after reviewing the documents, the superior court concluded that ADHS had complied with the court's order on remand.  The court filed its minute entry order under seal.

**¶8**        Saguaro appealed the August 2022 minute entry order in 1 CA-CV 22-0614.  After filing its notice of appeal, Saguaro filed a motion

to unseal in superior court requesting access to the ex-parte documents. In January 2023, the superior court denied the motion to unseal, and ordered ADHS to submit the ex-parte documents to this court. The court sealed its minute entry order. Saguaro filed a motion in 1 CA-CV 22-0614 requesting this court to unseal the ex-parte documents, asserting it needed to review the documents to prepare its opening brief. We denied the motion because Saguaro had not challenged the superior court's January 2023 order by special action. This special action followed, and we stayed the appeal in 1 CA-CV 22-0614 pending our resolution of the special action.

## SPECIAL ACTION JURISDICTION

**¶9** Our decision to accept special action jurisdiction is discretionary. *State v. Superior Court (Landeros)*, 203 Ariz. 46, 47, ¶ 4 (App. 2002). Special action review is generally appropriate if a party has no "equally plain, speedy, and adequate remedy by appeal." Ariz. R.P. Spec. Act. ("Rule") 1(a); *see generally Sw. Gas Corp. v. Irwin*, 229 Ariz. 198, 201, ¶¶ 5-7 (App. 2012). Here, Saguaro has no equally plain, speedy, or adequate remedy by appeal. In fact, our court will not consider Petitioner's stayed appeal until the special action proceedings in the instant matter are concluded. And, because this action addresses matters of the confidentiality of certain materials, it is appropriate that we accept special action jurisdiction. *See Arpaio v. Figueroa*, 229 Ariz. 444, 446, ¶ 5 (App. 2012) (noting that special action jurisdiction is appropriate "when the subject of the discovery order is 'privileged or confidential material . . . .'"). Accordingly, we accept special action jurisdiction.

## DISCUSSION

**¶10** We review a court's decision denying a request to unseal records for an abuse of discretion. *See Ctr. for Auto Safety v. Goodyear Tire & Rubber Co.*, 247 Ariz. 567, 571, ¶ 16 (App. 2019). "A court abuses its discretion if, 'in reaching its decision, it applies an erroneous rule of law.'" *Id.* (quoting *Pullen v. Pullen*, 223 Ariz. 293, 296, ¶ 10 (App. 2009)). "We will not disturb the superior court's exercise of discretion if it is supported by any reasonable evidence." *Id.* We review questions of statutory interpretation de novo. *McHale v. McHale*, 210 Ariz. 194, 196, ¶ 7 (App. 2005).

**¶11** Generally, public records are subject to inspection under Arizona's Public Records Law ("PRL"), Chapter 1 of A.R.S. Title 39. However, certain records kept by ADHS for purposes of administering the

4

AMMA are confidential under A.R.S. § 36-2810 and exempt from the PRL. The statute provides, in relevant part:

> **A.** The following information received and records kept by the department for purposes of administering this chapter are confidential, exempt from title 39, chapter 1, article 2 . . . and not subject to disclosure to any individual or public or private entity, except as necessary for authorized employees of the department to perform official duties of the department pursuant to this chapter:
>
> . . . .
>
> 2. Applications or renewals, their contents and supporting information submitted by or on behalf of nonprofit medical marijuana dispensaries in compliance with this chapter, including the physical addresses of nonprofit medical marijuana dispensaries.

A.R.S. § 36-2810(A)(2). Under Arizona Rule of Civil Procedure 5.4(h), the superior court must give its reasons for denying a motion to unseal a court document. Here, however, the superior court provided no explanation for its ruling that the sealed records were confidential and protected under A.R.S. § 36-2810.

¶12         To the extent that the superior court found that all of the ex-parte documents submitted by ADHS for *in camera* inspection were confidential under § 36-2810(A), it erred. The statute is specific about what information is protected—as relevant here, the dispensary applications themselves and their supporting materials. Because most of the ex-parte documents submitted for review by the superior court do not qualify for protection under section 36-2810(A), the court's order was overly broad. In addition, the superior court's August 12, 2022 and January 10, 2023 minute entry orders do not contain information that is subject to the confidentiality statute. Accordingly, we remand to the superior court to unseal its two minute entry orders and those ex-parte documents which are not subject to the confidentiality protections of § 36-2810(A).

¶13         Saguaro requests attorneys' fees and costs under Rule 4(g) and A.R.S. §§ 12-348(A) and -341. Because a decision on the merits has not yet been made, we deny the request for attorneys' fees. *See* A.R.S. § 12-348(A); *see also 4501 Northpoint LP v. Maricopa County*, 212 Ariz. 98, 102, ¶¶ 21-22 (2006). We award Saguaro costs upon compliance with Rule 4(g) and ARCAP 21.

## CONCLUSION

**¶14**　　　For the foregoing reasons, we accept jurisdiction and grant relief in part.



AMY M. WOOD • Clerk of the Court
FILED: 　AA